# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JAMES MUNSON, #N95249, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 19−cv−00088−SMY |
| KEVIN KINK,<br>JOHN BALDWIN,<br>C. BROOKS,<br>MS. TRODDER,<br>GOINES,<br>and DR. BOOSE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Munson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been forced to live alongside rodents, spiders, and insects at Lawrence in violation of the Eighth Amendment, and that when he filed grievances to complain about the conditions, he was subject to retaliation by prison staff, in violation of his First and/or Fourteenth Amendment rights. (Doc. 1, pp. 1-15). He seeks money damages and injunctive relief.[1]

---

[1] In the Complaint, Plaintiff seeks medical care (a tetanus shot and bloodwork), mental health treatment (for emotional distress caused by exposure to pests), and a prison transfer. (*Id.* at p. 15). Absent any request for a temporary restraining order or preliminary injunctive relief under Federal Rule of Civil Procedure 65(a) or (b) in the Complaint or by separate motion, the Court construes the request as one for injunctive relief *at the close of the case*. If more immediate relief becomes necessary, Plaintiff should file a separate motion pursuant to Rule 65 setting forth the relief he seeks and the facts that support his request for relief.

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations are liberally construed at this juncture. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-14): Lawrence has a serious and ongoing pest infestation. Plaintiff frequently spots rodents, spiders, and bugs at the prison. He has been bitten repeatedly and now suffers from emotional distress that he blames on the infestation.

Rodents run rampant in the facility. Since July 2018, Plaintiff has observed them in the chow hall, his property box, and even his bed. He notified the defendants and others about the rodent problem in particular, but they disregarded his complaints.[2]

Plaintiff was denied diagnostic testing and treatment for his bite wounds, resulting in unnecessary pain and suspected infection. He specifically requested and was denied a tetanus shot, bloodwork, and rabies testing of the rodents.

Plaintiff was placed in segregation after he complained about the conditions. He later learned that Warden Kink, Nurse Brooks, and Daniel Downen made the placement decision in retaliation against him for bringing a rodent to the health care unit for rabies testing after it bit him. Plaintiff was never issued a disciplinary ticket but remained in segregation. When he pressed the

---

[2] Plaintiff also complains of a spider bite he received in 2017. (*Id*. at p. 5). He did not report the bite or seek medical treatment for it because he was already taking a course of antibiotics (*i.e.*, Bactrim) for another condition and knew that medical staff would do nothing more for him. (*Id*.).

issue, Lieutenant Deewees threatened to transfer him to a maximum-security facility.

Plaintiff now suffers from serious emotional distress, anxiety attacks, weight loss, sleeplessness, and nightmares. He blames these symptoms on the conditions of his confinement. The mental health staff, including Doctor Boose, Ms. Hartleroad, Ms. Trodder, and Nurse Practitioner Stover, have taken no steps to treat his mental health issues. Plaintiff has resorted to self-medication and relies on allergy and cold pills as sleep aids. (*Id.*).

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following five (5) Counts:

> **Count 1:** Eighth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement at Lawrence by exposing him to rodents, spiders, and bugs that posed a serious risk of harm to his health.
>
> **Count 2:** Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's serious medical needs that resulted from undiagnosed and untreated rodent, spider, and/or bug bites and suspected infections at Lawrence.
>
> **Count 3:** Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's mental health issues that resulted from his exposure to rodents, spiders, and bugs at Lawrence.
>
> **Count 4:** First Amendment retaliation claim against Defendants for placing Plaintiff in segregation because he complained about the rodent, spider, and bug infestations at Lawrence and requested rabies testing of a rodent.
>
> **Count 5:** Fourteenth Amendment due process claim against Defendants for mishandling Plaintiff's grievances about the rodent, spider, and bug infestations and his related requests for medical/mental health treatment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

### Preliminary Dismissals

The Complaint refers to numerous individuals who are not identified as defendants, including Lieutenant Deewees, Sergeant Cashburn, Officer R. Mitchel, Officer Marshaff, Officer Simpson, McFarland, Nurse Practitioner Stover, Officer Slone, Officer Johnson, Nurse Ulrey, L. Cunningham, Ms. Hartleroad, Daniel Downen, and other unidentified officers. This Court does not treat parties not listed in the caption as defendants. Therefore, any claims against them should be considered dismissed from this action without prejudice. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

### Count 1

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they respond with deliberate indifference to conditions that deny prisoners "the minimal civilized measure of life's necessities," including adequate shelter. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016); *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016). A rodent or pest infestation may deprive inmates of adequate shelter or subject them to a serious risk of disease or infection in violation of the Eighth Amendment. *See, e.g.*, *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (allegations of pest infestation spanning sixteen months stated claim for inhumane conditions of confinement even where prison official sprayed cell twice). To state such a claim, Plaintiff must demonstrate that each prison official knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. Here, the allegations suggest that each defendant was aware of the nature

4

and scope of the rodent and pest infestation at Lawrence and disregarded the risk it posed to inmates. Therefore, Count 1 will receive further review against Defendants.

**Counts 2 and 3**

The Eighth Amendment also imposes an obligation on prison officials to provide inmates with adequate medical care for serious medical conditions. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). An Eighth Amendment claim for the denial of medical care has an objective and a subjective component. The objective component requires an inmate to demonstrate that he suffers from an "objectively, sufficiently serious" medical or mental health condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). A condition is considered sufficiently serious if the failure to treat it could result in the unnecessary and wanton infliction of pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's alleged untreated pain and infection resulting from numerous rodent bites satisfy the objective component with respect to Count 2, and his alleged untreated mental health issues (*e.g.*, emotional distress, anxiety, weight loss, sleeplessness, and nightmares) likewise satisfy the objective component with respect to Count 3.

The subjective component of both claims requires Plaintiff to demonstrate that each individual defendant responded to his serious medical condition with deliberate indifference. This occurs when an official "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. The doctrine of *respondeat superior* is inapplicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, liability hinges on personal responsibility for the deprivation of a constitutional right. *Id*. (citation omitted).

Plaintiff's' Complaint suggests that all defendants were aware of and disregarded his complaints of pain and suspected infection resulting from rodent bites. Plaintiff names Doctor

Boose and Ms. Trodder, but no other defendants in connection with the alleged denial of mental health treatment. Accordingly, Count 2 will receive further review against all defendants, and Count 3 will proceed against Doctor Boose and Ms. Trodder and be dismissed without prejudice against all other defendants.

**Count 4**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). An inmate asserting a retaliation claim must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff's allegations satisfy these pleading requirements against those defendants who allegedly punished him with segregation for complaining about the conditions of his confinement, including Warden Kink and Nurse Brooks. The only other individuals who allegedly took retaliatory action against Plaintiff are non-parties (Deewees and Downen). Therefore, Count 4 will proceed against Warden Kink and Nurse Brooks and will be dismissed without prejudice against all others.

**Count 5**

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. *Antonelli v. Sheahan*, 81 F.3d at 1430. As such, the alleged mishandling of grievances by individuals who otherwise did not cause or participate in the underlying conduct states no independent claim against them. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Count 5 will therefore be dismissed with prejudice against all defendants for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff lists numerous attorneys he contacted to represent him in this matter, and he provided copies of responses from two of them. (Doc. 3, pp. 3-6). Even if the Court concludes that he has demonstrated reasonable efforts to locate counsel, the Court nevertheless finds that Plaintiff appears competent to represent himself in this straightforward legal matter. He admittedly has "some education" but does not state how much. The only impediments to self-representation he discloses are dyslexia and a comprehension problem. However, Plaintiff's pleadings are coherent, and his original Complaint states several plausible claims. At this point, Plaintiff appears capable of representing himself, so his motion is denied without prejudice.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as unnecessary. Because Plaintiff is indigent and proceeding *pro se* in civil rights action, the Court will order service of the suit on the defendants as a matter of course.

## Disposition

The Clerk is **DIRECTED** to **ADD** the **WARDEN of LAWRENCE CORRECTIONAL CENTER (official capacity only)** as a defendant for the sole purpose of carrying out any injunctive relief that is ordered. *See* FED. R. CIV. P. 17(d), 21; *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

**IT IS ORDERED** that the Complaint survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against Defendants **KEVIN KINK, JOHN BALDWIN, C. BROOKS, MS. TRODDER, GOINES,** and **DR. BOOSE**; **COUNT 3** will proceed against Defendants **DR. BOOSE** and **MS. TRODDER**; and **COUNT 4** will proceed against Defendants **WARDEN KINK** and **NURSE BROOKS**. **COUNTS 3** and **4** are **DISMISSED** without

prejudice against all other defendants, and **COUNT 5** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

With respect to **COUNTS 1** through **4**, the Clerk of Court shall prepare for Defendants **WARDEN of LAWRENCE CORRECTIONAL CENTER (official capacity only)**, **KEVIN KINK, JOHN BALDWIN, C. BROOKS, MS. TRODDER, GOINES,** and **DR. BOOSE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/23/2019**

**s/ STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**