# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, #N95249, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00088-SMY |
| | ) |
| KEVIN KINK, | ) |
| JOHN BALDWIN, | ) |
| C. BROOKS, | ) |
| MS. TRODDER, | ) |
| GOINES, | ) |
| DR. BOOSE, and | ) |
| WARDEN OF LAWRENCE | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court on a Motion to Set Aside Default and for Additional Time to Answer Complaint ("Motion to Set Aside Default") filed by Defendants C. Brooks and Ms. Trodder ("Defendants") (Doc. 28) and a Motion for Default Judgment filed by Plaintiff (Doc. 29). The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A on April 24, 2019. (Doc. 8). Pursuant to the Screening Order, Defendants were sent requests for Waivers of Service of Summons on April 24, 2019. They both executed and returned the Waivers on May 23, 2019, and their responsive pleadings were due on June 24, 2019. (Doc. 16).

Defendants failed to move, answer, or otherwise plead in response to the Complaint. As a result, the Court entered an Order on August 6, 2019 directing the Clerk of Court to enter default against Defendants in accordance with Federal Rule of Civil Procedure 55(a). (Doc. 24). The instant motions were filed on August 13, 2019 (Doc. 28) and August 15, 2019 (Doc. 29).

1

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). Here, Defendants have shown good cause for the default. Their failure to file a responsive pleading was inadvertent and they acted quickly to correct default once they became aware of the entry. (Doc. 28, p. 1). They filed the "Motion to Set Aside the Entry of Default and Request Additional Time to Answer" on the same date defense counsel was assigned to the case. (*Id*. at p. 2). Finally, Defendants have demonstrated a meritorious defense to Plaintiff's claims by alleging that they were not deliberately indifferent to Plaintiff's condition. (*Id*.).

Accordingly, Defendants' Motion to Set Aside Default (Doc. 28) is **GRANTED** and Plaintiff's Motion for Default Judgment (Doc. 29) is **DENIED**. The Entry of Default is **VACATED**. Defendants shall file their responsive pleadings no later than **September 18, 2019**.

**IT IS SO ORDERED.**

**DATED: 9/4/2019**

        s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**