IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  19-cv-88-RJD |
| | ) |
| KEVIN KINK, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is now before the Court on Plaintiff's Motion to Compel and/or Bring to the Court's Attention Defendants' Spoliation of Evidence (Doc. 70), Motion for Status of Summary Judgment (Doc. 74), Motion to Continue (Doc. 80), and Third Motion for Appointment of Counsel (Doc. 81).  For the reasons set forth below, the Motion to Compel is **DENIED**, the Motion for Status and Motion to Continue are **GRANTED**, and the Motion for Counsel is **DENIED**.

Plaintiff served written discovery requests on Defendants on October 21, 2020 (*see* Docs. 61 and 62).  Plaintiff sought an extension of the discovery deadline for 35-days after Defendants responded to his requests to allow him time to review the same and address any deficiencies.  The Court denied Plaintiff's request, but indicated Plaintiff could file motions to compel and otherwise address alleged deficiencies in Defendants' discovery responses after the deadline for discovery had passed.  Plaintiff seeks to do so in the motion before the Court.  More specifically, Plaintiff complains that Defendants were unable to provide camera footage for the dates of July 25, 2018, November 25, 2019, and August 8, 2018, and July 5, 2019 as requested.  Defendants' response to these requests were that they were unable to locate any camera footage responsive to the same.

Plaintiff contends that per IDOC Rule 05.01.104 G, "digital media shall be retained for two years provided no litigation is pending or anticipated."  Plaintiff did not provide a copy of his requests, Defendants' responses, or the IDOC Directive on which he relies.

Plaintiff asks that Defendants be compelled to provide the video footage requested, or in the alternative, that he receive a spoilation of evidence instruction.

Defendants Brooks and Trotter ("the Wexford Defendants") responded to Plaintiff's motion, indicating the only set of discovery directed to them from Plaintiff was received on May 13, 2020.  Thus, the Wexford Defendants do not believe Plaintiff's motion is directed at them. They, however, assert they timely responded to the May 2020 requests and properly responded to Plaintiff's requests for camera footage by explaining they "do not maintain these videos or have any responsive records in their possession."

Defendants Brookhart, Goins, Boose, Baldwin, and Kink ("the IDOC Defendants") also responded to Plaintiff's motion.  The IDOC Defendants explain they responded to Plaintiff's second discovery requests for camera footage on November 20, 2020.  Defendants assert Plaintiff made no effort to confer with them as to the sufficiency of the responses as required under Federal Rule of Civil Procedure 37.  Defendants explain that Plaintiff's complaint concerns a pest infestation and purported medical conditions related to said infestation.  As such, Defendants assert the allegations did not appear to require preservation of video footage.  Defendants have inquired about the existence of video and camera footage and they were unable to locate any. Defendants further state they were informed that camera footage is not automatically saved and footage is recorded over if it is not pulled within a short timeframe.  Thus, Defendants assert there was no bad faith and they did not intend to deprive Plaintiff of any information recorded on video surveillance.

Under Illinois law, "a plaintiff claiming spoliation of evidence must prove that: (1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages." *Martin v. Keeley & Sons, Inc.*, 979 N.E. 2d 22, 27 (2012). Plaintiff has failed to prove Defendants had a duty to preserve the evidence he seeks or that they breached the duty by losing or destroying the evidence. Notably, Plaintiff's allegations did not give rise to a clear obligation on the part of Defendants to work to preserve the video footage Plaintiff seeks. Simply put, there is no basis for a finding of spoliation in this case. Moreover, the Court cannot compel Defendants to produce evidence that does not exist and clearly, the video footage Plaintiff seeks no longer exists.

For these reasons, Plaintiff's motion to compel (Doc. 70) is **DENIED**.

Prior to Plaintiff filing his motion to compel, Defendants Brooks and Trotter filed a motion for summary judgment (Doc. 67). On January 15, 2021, Plaintiff filed a motion for status of summary judgment asking for clarification of whether Plaintiff could wait to file his response until the Court rules on his motion to compel (Doc. 74). Plaintiff also mentions that due to medical lockdowns related to COVID-19 it has been difficult getting access to the law library. Plaintiff subsequently filed a motion to continue (Doc. 80). In this motion, which Plaintiff indicates was drafted by another inmate, David Harris, Plaintiff asks that he be allowed to respond to both the Wexford Defendants' motion for summary judgment (filed on December 18, 2020) and the IDOC Defendants' motion for summary judgment (filed on February 2, 2021) on the same date, and that the deadline for his response be extended 60 days from his current deadline to respond to the IDOC Defendants' motion. Plaintiff asserts he has various medical problems and was diagnosed with

COVID-19 and still suffers from its effects, including weakness and fatigue. Plaintiff's motions are **GRANTED**. Due to Plaintiff's apparent confusion regarding the effect the filing of his motion to compel had on his response deadline, as well as the limited law library access at his institution, and his ongoing medical issues, Plaintiff is **GRANTED** an extension of time to respond to both of the pending motions for summary judgment. Plaintiff's deadline to respond to these motions is **May 10, 2021**. In light of this Order, the Final Pretrial Conference set for May 3, 2021 and Jury Trial set for May 18, 2021 are **CANCELED** and will be reset at a later date.

Plaintiff also filed a motion for appointment of counsel on February 23, 2021 (Doc. 81). In this motion, Plaintiff again states that he has various medical problems and was diagnosed with COVID-19 and still suffers from its effects. More specifically, Plaintiff states that he has been weak, coughing, sleeping quite a bit, and experiences pain and discomfort when he coughs. Plaintiff asserts he needs to respond to Defendants' motions for summary judgment and, although he is currently receiving assistance from another inmate, that inmate knows "very little" concerning civil matters. While mindful of Plaintiff's current medical issues, the Court does not find that recruitment of counsel is warranted. Plaintiff has not provided any reason for the Court reconsider its previous finding that Plaintiff is competent to litigate this matter. Indeed, Plaintiff's filings in this case clearly indicate his understanding of the law and court procedures. The Court also notes that Plaintiff has engaged in significant litigation in this District, having filed at least eight cases in the previous ten years. The Court further notes that it has extended Plaintiff's deadline to respond to Defendants' motions for summary judgment and, if necessary, Plaintiff can request further reasonable extensions (provided there is good cause for such a request). The Court also leaves open the possibility of reconsidering its decision following a ruling on the pending motions for summary judgment, if necessary. For these reasons, Plaintiff's

motion for counsel is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 25, 2021**

*s/  Reona J. Daly*  
**Hon. Reona J. Daly**  
**United States Magistrate Judge**