IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-88-DWD |
| | ) |
| KEVIN KINK, | ) |
| JOHN BALDWIN, | ) |
| CHRISTINE BROOKS, | ) |
| LYNDSEY TROTTER, | ) |
| RUSSELL GOINS | ) |
| TERESA BOOSE, and | ) |
| WARDEN OF LAWRENCE | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff James Munson is a prisoner in the Illinois Department of Corrections. He filed a complaint alleging that Defendants violated his First and Eighth Amendment rights during his incarceration at Lawrence Correctional Center. (Doc. 1). The Court granted Defendants' motions for summary judgment (Docs. 67 & 76) and entered judgment in favor of Defendants on September 9, 2021. (Docs. 100 & 101). On September 15, 2021, Defendants Christine Brooks and Lyndsey Trotter filed a bill of costs, seeking to recover $737.65 in transcript fees from Plaintiff. (Doc. 102). On October 4, 2021, Defendants John Baldwin, Teresa Boose, Russell Goins, and Kevin Kink filed a bill of costs, seeking to recover $1,466.90 in transcript fees from Plaintiff. (Doc. 110). Plaintiff has

objected to both bills of costs. (Docs. 105 & 114).[1] Plaintiff also filed a motion to reconsider costs taxed, in which he objects again to any award of costs. (Doc. 115). Also pending before the Court are Plaintiff's motion to reconsider the Court's order granting summary judgment (Doc. 116) and a motion for leave to appeal *in forma pauperis* (Doc. 118). The Court will address each of these motions in turn.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). A court may deny costs based on the non-prevailing party's indigence if the Court finds that the non-prevailing party is "incapable of paying the court-imposed costs at this time or in the future," and that factors such as "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case" weigh in favor of denying costs. *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). Ultimately, the indigence exception is narrow, and the non-prevailing party bears the burden of overcoming Rule 54(d)(1)'s presumption that costs should be awarded to the prevailing

---

[1] Pursuant to SDIL Local Rule 54.2, Plaintiff's objection to the second bill of costs was due by October 19, 2021. (Doc. 111). On October 21, the Clerk of Court entered an order taxing costs against Plaintiff in the amount of $1,466.90 in favor of Defendants Baldwin, Boose, Goins, and Kink. (Doc. 113). The same day, Plaintiff's objection to the second bill of costs was docketed. According to the postmark, Plaintiff mailed his objection on October 19, 2021. (Doc. 114 at 4). Therefore, the objection was timely filed. *See Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (affirming that *pro se* prisoners' "papers should be considered filed when given to prison officials" because "prisoners filing *pro se* do not have the same access to the court system as other litigants").

2

party. *Id.* at 636.

Plaintiff was granted *in forma pauperis* status at the commencement of this action. (Doc. 7). He has remained incarcerated since that time. Thus, the Court finds that Plaintiff is incapable of paying the costs at this time. Further, Plaintiff is serving a life sentence. *See N95259 – Munson, James*, IDOC Inmate Locator, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last viewed on January 18, 2022). Thus, he will likely be unable to pay the costs in the future.

Defendants seeks a total of $2,204.55 in costs. While this amount is not prodigious, it is substantial and is particularly so to a prisoner proceeding *in forma pauperis*. *See Gomez v. Schoenbeck*, No. 16-cv-291-NJR-GCS, 2019 WL 5293571, at *2 (S.D. Ill. Oct. 18, 2019). Further, the Court found that most of Plaintiff's claims were not frivolous (Doc. 8), even if Defendants ultimately won summary judgment. For these reasons, the Court finds that Defendants' bills of costs should be denied on the grounds of indigence.[2]

Plaintiff also filed a motion to reconsider the Court's order granting summary judgment to Defendants. (Doc. 116). Plaintiff does not articulate the rule or statute upon which he bases his motion. But given that the motion was filed more than 28 days after entry of final judgment, the motion is not timely under Federal Rule of Civil Procedure 59(e). Therefore, the Court will consider the motion under Rule 60(b). Reviewing a motion for reconsideration under Rule 60(b) will not save a motion that merely offers "general

---

[2] On September 22, 2021, Plaintiff filed a notice of appeal as to the Court's summary judgment order. (Doc. 106). The filing of a notice of appeal divests the district court of jurisdiction over aspects of the case involved in the appeal. *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). However, the district court retains jurisdiction to decide the question of costs because it is an ancillary matter not implicated in an appeal on the merits. *Id.* at 194.

3

pleas for relief." *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1167 n.2 (7th Cir. 1995). The movant has the burden to clearly articulate grounds for relief under Rule 60(b). *See United States v. Deutsch*, 981 F.2d 299, 301–02 (7th Cir. 1992). In his motion, Plaintiff offers no specific grounds for relief that fall under a category listed in Rule 60(b). Instead, Plaintiff briefly reviews some of the evidence he offered in his response to Defendants' motions for summary judgment and asserts that it should have been enough to survive summary judgment. (Doc. 116 at 2). Thus, Plaintiff has provided no reason under Rule 60(b) for the Court to reconsider its summary judgment ruling.[3]

Finally, Plaintiff has filed a motion for leave to appeal *in forma pauperis*. (Doc. 118). Under 28 U.S.C. 1915(a)(1), a district court may authorize commencement of a civil appeal without prepayment of fees by a person who submits an affidavit showing that he is unable to pay the appeal fee. Section 1915(a)(3) adds, however, that pauper status cannot be granted if the appeal is not taken in good faith. *See also* Fed. R. App. P. 24(a); *Moran v. Sondalle,* 218 F.3d 647, 651 (7th Cir. 2000). Additionally, a person seeking leave to appeal *in forma pauperis* must attach to his motion an affidavit that not only shows his indigence but also claims entitlement to redress and "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). *See also* 28 U.S.C. 1915(a)(1) (person seeking to appeal without prepaying fees must submit affidavit stating the nature of the appeal and affiant's belief that he is entitled to redress). District courts should not apply an

---

[3] Defendants argue that this Court does not have jurisdiction to decide Plaintiff's motion to reconsider because Plaintiff has filed a notice of appeal. (Doc. 117 at 2). However, the filing of a notice of appeal does not deprive a district court of jurisdiction to decide a Rule 60(b) motion. *Chicago Downs Ass'n v. Chase,* 944 F.2d 366, 370 (7th Cir. 1991).

4

inappropriately high standard when making the good faith determination. To conclude that an appeal is taken in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir.), *cert. denied,* 531 U.S. 1029 (2000), *citing Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The Court finds that Plaintiff is not taking his appeal in good faith. In his motion, Plaintiff indicated that his issues on appeal are "First and Eighth Amendment violations." (Doc. 118 at 3). The Court thoroughly reviewed Plaintiff's allegations of First and Eighth Amendment violations and found that Plaintiff has not produced enough evidence to survive summary judgment. (Doc. 100). Plaintiff has not pointed to any evidence or any aspect of the Court's summary judgment order which might provide a good faith basis for appeal. With the description of the issues Plaintiff intends to present on appeal, the Court cannot find that such an appeal would be taken in good faith. Therefore, Plaintiff's motion for leave to appeal *in forma pauperis* is due to be denied.

## CONCLUSION

For these reasons, Plaintiff's objections to the bills of costs (Docs. 105 & 114) are **SUSTAINED**, and Defendants' bills of costs (Docs. 102 & 110) are **DENIED**. Plaintiff's motion to reconsider costs taxed (Doc. 115) is **GRANTED**, and the Court's previous order taxing costs against Plaintiff (Doc. 113) shall be **STRICKEN**. Plaintiff's motion to reconsider the summary judgment order (Doc. 116) is **DENIED**. Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 118) is **DENIED**.

**SO ORDERED.**

Dated: January 19, 2022

DAVID W. DUGAN
United States District Judge