IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN KINK, | ) | Case No. 3:22-cv-3107-DWD |
| JOHN BALDWIN, | ) | |
| CHRISTINE BROOKS | ) | |
| LYNDSEY TROTTER, | ) | |
| RUSSELL GOINS, | ) | |
| TERESA BOOSE, and | ) | |
| WARDEN OF LAWRENCE | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM & ORDER</u>

**DUGAN, District Judge:**

Plaintiff, a prisoner at Pinckneyville Correctional Center, filed a Complaint (Doc. 1) alleging violations of his rights under the First and Eighth Amendments to the United States Constitution during his incarceration at Lawrence Correctional Center. The Court granted Defendants' Motions for Summary Judgment, then entered judgment for Defendants and against Plaintiff. (Docs. 67, 76, 100, 101). Plaintiff appealed. (Doc. 106). Thereafter, on January 13, 2023, the Seventh Circuit affirmed the judgment. (Doc. 130).

That same day, the Seventh Circuit entered a Bill of Costs (Doc. 130-3) in favor of Defendants Brooks and Trotter. The Bill of Costs issued in the amount of $138, representing the total cost for the reproduction of briefs. (Doc. 130-3). Plaintiff was notified of the Bill of Costs on that same day. (Doc. 131).

On January 26, 2023, Plaintiff filed a timely Objection to the Bill of Costs (Doc. 132) under Local Rule 54.2. Plaintiff notes he was allowed to proceed *in forma pauperis* in the District Court and the Seventh Circuit. (Docs. 7; 121; 132, pg. 2). Plaintiff further notes the Complaint survived a screening and was not filed "in a fruitless manner." (Doc. 132, pg. 2). Plaintiff also argues he does not have the funds to pay the Bill of Costs, as he currently has about $60.00 and any funds received are from friends and family. (Doc. 132, pg. 2).

On January 27, 2023, Defendants Brooks and Trotter filed a Response to the Objection to the Bill of Costs (Doc. 133). Defendants argue Plaintiff failed to meet his burden of showing the costs should not be taxed against him due to indigence. (Doc. 133, pg. 2). Defendants suggest Plaintiff's failure to provide any documentation of his accounts forecloses any objection to the Bill of Costs. (Doc. 133, pg. 2). Similarly, Defendants note that Plaintiff provided no information related to any Economic Impact Payments he received over the past two years, which could "amount[] to thousands of dollars." (Doc. 133, pg. 2). Nevertheless, Defendants state "the current sum of $138 is a fraction of the amount previously requested and is reasonable." (Doc. 133, pg. 2).

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule provides a presumption that the losing party will pay costs; however, the Court has the discretion to direct otherwise, including on the basis of the losing party's indigence. *See Rivera v. City of Chic.*, 469 F.3d 631, 634, 636 (7th Cir. 2006). The Court emphasizes, though, "indigence does not automatically excuse the losing party from paying the prevailing

party's costs." *Id.* at 635 (citing *Luckey v. Baxter Heathcare Corp.*, 183 F.3d 730, 733-34 (7th Cir. 1999)). Indeed, the exception related to the losing party's indigence "is a narrow one," and the burden is on the losing party to overcome Rule 54(d)(1)'s presumption. *Id.* at 636; *see also Richardson v. Chic. Trans. Auth.*, 926 F.3d 881, 893 (7th Cir. 2019) (recognizing the indigence exception is not a blanket excuse against paying costs); *Bell v. Bd. of Educ. of Proviso Twp. H.S. Dist. 209*, 662 Fed. Appx. 460 (7th Cir. 2016) (disagreeing with the plaintiff's argument that because the district court granted her application to proceed *in forma pauperis*, it was required to find her too poor to pay costs, as "poverty does not *require* a court to deny awarding costs) (Emphasis in original.).

At the first step of its analysis, the Court must issue "a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.' " *Rivera*, 469 F.3d at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). The losing party is required to provide the Court with sufficient documentation to support that threshold factual finding. *Id.* (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)); *accord Rossi v. City of Chic.*, 790 F.3d 729, 738 (7th Cir. 2015) ("The burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation."). The documentation "should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635; *accord Rossi*, 790 F.3d at 738. This requirement ensures that the Court has "clear proof" of the losing party's "dire financial circumstances." *Rivera*, 469 F.3d at 635. The requirement also limits the incentive

for litigants of modest means to claim indigence. *Id*. Since Plaintiff's Objection must be overruled at the first step, the Court does not proceed to a discussion of the second step.

Here, although Plaintiff was previously found to be indigent, the Court cannot conclude that he is unable to pay the $138 for the reproduction of briefs at this time *or* in the future. *See id*. A prior finding of indigence is not conclusive, and Plaintiff has failed to meet his burden of providing the Court with adequate documentation to support a threshold factual finding that he is unable to make the aforementioned payment. *See id.*; *Rossi*, 790 F.3d at 729. Indeed, Plaintiff failed to submit *any* documentation to support his claim that he does not have the funds to pay the $138. *See Rivera*, 469 F.3d at 635; *Rossi*, 790 F.3d at 738. Accordingly, the Court **FINDS** Plaintiff has failed to overcome the presumption, contained in Rule 54(d)(1), that he must pay the $138 in costs in this case.

For the foregoing reasons, Plaintiff's Objection to the Bill of Costs (Doc. 132) is **OVERRULED**. The Clerk of the Court is **DIRECTED** to tax costs against Plaintiff in the amount of $138 for Defendants Brooks and Trotter.

**SO ORDERED.**

Dated: April 20, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge